898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Don JONES, Plaintiff-Appellant
v.
CITY OF CLEVELAND, Defendant-Appellee
 No. 89-3444.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1990.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and THOMAS G. HULL,[1] District Judge.
 PER CURIAM.
 
 
 1
 Don Jones, a former black fire fighter for the City of Cleveland, appeals from a district court order granting summary judgment to the defendant City in this action alleging racial discrimination in employment. For the reasons which follow, we AFFIRM the decision of the district court.
 
 
 2
 According to the accident report filed by his supervisor, Mr. Jones sprained his ankle on August 17, 1983, while helping to lay out fire hose at the scene of a fire. He was given emergency room treatment and wore a cast on his right leg for about four weeks. His regular treating physician, Dr. Michael W. Keith, examined him on October 7, 1983, and restricted him to light duty for an estimated period of another four weeks. On November 28, 1983, upon re-examination of Mr. Jones, Dr. Keith estimated that the disability would continue to January 30, 1984. Mr. Jones appears to have been absent from work throughout this entire period, exhausting his accumulated sick leave and vacation time. On January 30, 1984, he was advised, both by telephone and in writing, that his accumulated back time would run out as of February 17, 1984. He was told that at that time, he would be taken off the City's payroll and that, in order to avoid termination, he needed to provide his supervisors with written documentation from his treating physician explaining why he was still unable to return to work. This medical evidence was due by March 2, 1984. It is undisputed that the City heard nothing from Mr. Jones from March 2 through March 16, 1984. On March 27, 1984, Mr. Jones received written notice from the City that he was "AWOL-resigned," pursuant to Civil Service Rule 8.45,[2] effective March 16, 1984.
 
 
 3
 Mr. Jones allowed the entire thirty-day grace period to elapse. It was not until May 8, 1984, that his attorney contacted the City and asked to appeal from the AWOL-resignation. This request was granted and Mr. Jones was accorded a full due process hearing before the Civil Service Commission on July 5, 1984. The Commission affirmed the AWOL-resignation and declined to reinstate him. This lawsuit followed.
 
 
 4
 In this action, Mr. Jones alleges that he was discharged on account of his race and in retaliation for his once having filed charges of race discrimination against the City. He argues that similarly situated white fire fighters injured on the job were given "hazardous duty pay" meaning that, while they were off duty due to their injuries, they did not have to exhaust their sick time and vacation days. He contends that if he had been given hazardous duty pay, he would never have run afoul of Civil Service Rule 8.45. He brought this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and 42 U.S.C. Sec. 1981.[3]
 
 
 5
 When the defendant City moved for summary judgment, Mr. Jones was able to offer no evidence that his discharge was in retaliation for his previous EEOC action. His evidence of disparate treatment was based on four white fire fighters who suffered very serious injuries on the job. One suffered permanent back and spinal cord injury falling from a ladder; one suffered third degree burns over fifty percent of his body; one suffered a heart attack; and one suffered a spinal cord injury when a woman jumped from a two-story window and landed on him. Three of these men eventually took a disability retirement, one was later able to return to work. It is true that none of these white fire fighters were required to exhaust their leave time and vacation days during their period of disability.
 
 
 6
 Article VIII, Section F of the Collective Bargaining Agreement between the City and the fire fighter's union provides that,
 
 
 7
 Days lost because of hazardous duty injury to a Fire Fighter as determined by the Safety Division Medical Officer and/or licensed physician and approved by the Safety Director shall not affect accumulated sick time, holidays, accumulated overtime, and vacation days.
 
 
 8
 Arguably, because the plaintiff's sprained ankle turned out to be quite severe, he might have qualified for hazardous duty pay for some or all of the time he was off work. However, there is no indication that he ever sought approval for it from the Safety Director or filed a grievance through his union.
 
 
 9
 The district court found that the four examples offered in favor of the plaintiff's disparate treatment argument did not support his claim. Each of these men was totally disabled from work because of his injury, whereas the plaintiff's physician only restricted him to "light duty."
 
 
 10
 However, the court went on to find that, even if the plaintiff had made out a prima facie case of racial discrimination, the City had offered an entirely valid, legitimate business reason for discharging Mr. Jones--his undisputed violation of Civil Service Rule 8.45 regarding absences without notice. The plaintiff offered no evidence that similarly situated white fireman were allowed to keep their positions after violating this rule. In addition, the City proved that its hiring of fire fighters was controlled by a federal court order requiring a particular racial balance. If, in fact, the City discharged Mr. Jones because of his race it gained nothing by this move because it was required to hire a minority applicant to replace him.
 
 
 11
 Rule 56(c) of the Federal Rules of Civil Procedure, requires the district court to grant summary judgment if there is no issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In the instant case, the district court properly analyzed the plaintiff's burden of proof in a Title VII disparate treatment case and correctly concluded that the plaintiff could prove only that he was a member of a class entitled to protection. He could not prove that he was treated differently from similarly situated white employees; that he was discharged without a valid cause; or that the facially valid reason given for his discharge was, in fact, pretextural.
 
 
 12
 In light of this complete failure of proof concerning essential elements of the plaintiff's claim, summary disposition of the action was mandated by Rule 56(c) and is hereby AFFIRMED.
 
 
 
 [1]
 The Honorable Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [2]
 Civil Service Rule 8.45 provides: Absence from duty without notice for fourteen (14) consecutive calendar days shall in each case be deemed as a resignation from service by the absentee, and the resignation shall be entered upon the records of the commission, provided, however, that if at any time within thirty (30) days of the effective date of such resignation, the person so absenting himself shall make satisfactory explanation to the director of the department from which he resigned, of the cause of the absence, he may be reinstated to his position
 Notwithstanding anything to the contrary contained in this rule, the appointing authority may discipline absent employees through discharge, suspension or demotion.
 
 
 [3]
 Plaintiff-appellant concedes on appeal that pursuant to Patterson v. McLean Credit Union, 109 S.Ct. 2363 (1989), 42 U.S.C. Sec. 1981 is not available to challenge racial discrimination in the workplace in claims actionable under Title VII